UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP,** | ) ) ) |
| Plaintiffs, | ) Case No. 08 C 889 |
| v. | ) ) Judge Ronald A. Guzman |
| **JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO,** | ) ) Magistrate Judge Martin C. Ashman ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Defendants. | ) |

**FIRST AMENDED CIVIL RIGHTS COMPLAINT**

Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, by and through their attorney, Irene K. Dymkar, and complaining against defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, state as follows:

**NATURE OF CLAIM**

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants

committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and conversion.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

6. At all times herein mentioned, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity. As soon as the names of the UNKNOWN OFFICERS are known, plaintiffs will move to amend this complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On February 9, 2007, at approximately 10:00 PM, defendant police officers illegally entered and raided the second floor apartment at 1136 N. Monticello, in Chicago, Illinois.

9. On that date, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, lived in said premises and were home at the time.

10. Despite the fact that plaintiffs made no attempt to leave and did nothing to resist or interfere with the illegal actions of the police, defendant police officers pulled their guns and pointed them at plaintiffs, and seized, searched, and handcuffed plaintiffs.

11. Defendant police officers proceeded to search the second floor apartment at 1136 N. Monticello without a warrant, without permission, and without legal cause.

12. Plaintiffs were taken to the first floor apartment, detained, and held under arrest by defendants for a number of hours during the wrongful search.

13. Defendant police officers illegally seized cash from plaintiffs' home during their wrongful search, which has never been returned.

14. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

15. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

16. By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiffs Against Individual Defendants for False Arrest/Illegal Detention**

17. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

18. The seizure, arrest, and detention of plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, were without probable cause and unreasonable.

19. By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, was deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiffs Against Individual Defendants for Unconstitutional Search and Seizure

20. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

21. Defendant police officers searched plaintiffs' home at 1136 N. Monticello, in Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

22. Defendant police officers seized cash from plaintiffs' home and have failed to return it.

23. By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiffs Against Individual Defendants for Failure to Intervene

24. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

25. Defendant police officers had reason to know that the seizure of plaintiffs, the search of their home, and the seizure of cash were without a valid warrant, without consent, without probable cause, and without exigent circumstances.

26. Defendant police officers had a reasonable opportunity to prevent the illegal searches and seizures from occurring, but failed to do so.

27. By reason of the conduct of defendant police officers, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to all plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT IV
**Plaintiffs Against All Defendants for the State Supplemental Claim of False Imprisonment**

28. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

29. Plaintiffs were arrested and detained despite defendant police officers' knowledge that there was no legal justification for doing so.

30. Defendant police officers unlawfully restrained plaintiffs' liberty by imprisoning them.

31. The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of false imprisonment.

32. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior.*

## COUNT V
**Plaintiffs Against All Defendants for the State Supplemental Claim of Conversion**

33. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 – 16, as though set forth herein in their entirety.

34. Defendants' assumption of control over plaintiffs cash was unauthorized and wrongful.

35. Plaintiffs had the right to control and possess their property.

36. Plaintiffs' property has not been returned. By withholding said property, defendants have deprived plaintiffs of their personal property without their consent.

37. The individual defendants are liable to plaintiffs under Illinois law for the state supplemental claim of conversion.

38. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior.*

WHEREFORE, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, by and through their attorney, Irene K. Dymkar, request judgment as follows against defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, on each and every claim:

    1. That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2. That defendants be required to pay plaintiffs special damages,

3. That defendants, except CITY OF CHICAGO, be required to pay the plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4. That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5. That defendants be required to pay plaintiffs costs of the suit herein incurred, and

6. That plaintiffs be granted such other and further relief as this Court may deem just and proper

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**

Dated: February 15, 2008                               /s Irene K. Dymkar
                                                                        Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123