IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ricky Graham, Suleaner Sipp, and Jermaine Sipp, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 08 C 889 |
| John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell Jr., Scott M. Wolff, Matthew P. Cline, Daniel J. DeLopez, Eddie M. Yoshimura, Unknown Number of Unnamed Officers of the Chicago Police Department, and City of Chicago, | ) ) ) ) ) ) ) ) ) | JUDGE GUZMAN<br><br>MAGISTRATE JUDGE ASHMAN |
| Defendants. | ) | |

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ricky Graham, Suleaner Sipp, and Jermaine Sipp, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | NO. 08 C 889 |
| John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell Jr., Scott M. Wolff, Matthew P. Cline, Daniel J. DeLopez, Eddie M. Yoshimura, Unknown Number of Unnamed Officers of the Chicago Police Department, and City of Chicago, | ) ) ) ) ) ) ) ) ) | JUDGE GUZMAN<br><br>MAGISTRATE JUDGE ASHMAN |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Police Officers John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell Jr., Scott M. Wolff, Matthew P. Cline, Daniel J. DeLopez, and Eddie M. Yoshimura (collectively "Individual Defendants"), by one of their attorneys, Shneur Nathan, Assistant Corporation Counsel of the City of Chicago, and Defendant the City of Chicago ("the City"), by Mara S. Georges, Corporation Counsel of the City of Chicago, respectfully request this Honorable Court dismiss Counts IV and V of Plaintiffs' First Amended Complaint. In support of this motion, the Individual Defendants and the City state as follows:

**BACKGROUND**

1.    On February 9, 2007, a search was conducted of portions of the premises located at 1136 N. Monticello in Chicago, Illinois. (*See* Amend. Cmpl. at ¶ 8.) At that address, Plaintiffs state they were arrested and/or detained. (*See* Amend. Cmpl. at ¶ 18.)

2.      On February 11, 2008, Plaintiffs filed their First Complaint against Defendant John Dolan, Unknown Officers, and the City of Chicago alleging (I) § 1983 False Arrest/Illegal Detention; (II) § 1983 Unconstitutional Search and Seizure; (III) § 1983 Failure to Intervene; (IV) Supplemental False Imprisonment; and (V) Supplemental Conversion. (*See Generally* Cmpl.)

3.      On February 15, 2007, Plaintiffs filed their First Amended Complaint. Plaintiff's Amended Complaint differed from their First Complaint in just one respect: it named all Individual Defendants. (*See Generally* Amend. Cmpl.)

## ARGUMENT: COUNTS IV AND V ARE TIME-BARRED AND MUST BE DISMISSED PURSUANT TO 12(b)(6)

4.      Plaintiffs complaint alleges state-law claims of false imprisonment and conversion against Individual Defendants as municipal employees acting within the scope of their employment. (*See* Amend. Cmpl. at ¶ 6.) As such, these claims are limited by the one-year statute of limitations specified in the Local Governmental and Governmental Employees Illinois Tort Immunity Act ("Tort Immunity Act") because they are state law claims are brought against, Individual Defendants, all of whom are municipal employees. 745 ILCS 10/8-101(a) (West 2006); *Evans v. City of Chicago*, 434 F.3d 916, 934-35 (7th Cir. 2006) (applying the Tort Immunity Act to bar state law claims against municipal employees filed one year after accrual). Similarly, those same claims against the City are limited by the one-year statute of limitations because they are brought against a governmental entity. *Id.* (applying the Tort Immunity Act to bar state law claims against the City of Chicago filed one year after accrual).

5.      Plaintiffs' state claim of false imprisonment accrued on February 9, 2007, the date they were arrested and/or detained. *Hyon Waste Management Services, Inc. v. City of Chicago*, 214 Ill. App. 3d 757, 763, 574 N.E.2d 129, 132 (1st Dist. 1991); *Montgomery v. City of Harvey*, 2007 WL 4232729 (N.D.Ill.) (J.Lindberg).

6.      Plaintiffs' claim of conversion accrued on February 9, 2007, the date their

property was allegedly taken wrongfully. *Perkins v. City of Chicago*, 2005 WL 782695 *4 (N.D.Ill.) (J. Grady) (conversion claim accrues at time of alleged illegal seizure).

7. Because Plaintiffs' state law claims of false imprisonment and conversion accrued on February 9, 2007, but Plaintiffs first alleged these claims on February 11, 2008, (and again in the Amended Complaint on February 15, 2008), these claims are barred by the Tort Immunity Act's one-year statute of limitations. *See Evans*, 434 F.3d at 934-35 (suits against municipal employees acting within the scope of employment are barred if filed after the one-year statute of limitations); *Long v. Williams*, 155 F. Supp.2d 938 (N.D. Ill. 2001) (Seventh Circuit law shields police officers from liability under the Act's one-year statute of limitations).

8. Similarly, those same claims against the City are barred by the Tort Immunity Act's one-year statute of limitations because they are brought against a governmental entity. *Evans*, 434 F.3d at 934-35. Furthermore, under Section 2-109 of the Tort Immunity Act the City cannot be held liable a for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109 (West 2006). Therefore, the City is not liable because the Individual Defendants are not liable.

9. The strict enforcement of the Tort Immunity Act's statute of limitations preserves the opportunity for municipalities and municipal employees to timely investigate and prepare to defend against tort claims. *Tosado v. Miller*, 293 Ill. App. 3d, 688 N.E.2d 774 (1st Dist. 1997). The Tort Immunity Act "imposes a bright line rule to prevent the pursuit of claims based on stale evidence." *Pope v. City of Chicago*, No. 95 C 311, 1996 WL 392162 at *6 (N.D. Ill., Jul. 11, 1996).

10. In sum, the Tort Immunity Act's statute of limitations draws a bright line rule for the timely filing of state law claims, and Plaintiff's First Complaint and First Amended Complaint were filed after the expiration of the one-year statute of limitations. Therefore,

Plaintiffs' state law claims of false imprisonment and conversion are time-barred.[1]

## CONCLUSION

WHEREFORE, for the reasons stated above, Individual Defendants and the City respectfully request that this Honorable Court dismiss Counts IV and V of Plaintiff's First Amended Complaint and grant any other relief this Court deems appropriate.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| MARA S. GEORGES<br>Corporation Counsel<br>of the City of Chicago | /s Shneur Nathan<br>SHNEUR NATHAN<br>Assistant Corporation Counsel<br>30 North LaSalle Street<br>Suite 1400<br>Chicago, Illinois 60602<br>312-742-1842<br>ARDC No. 6294495 |
| By:  /s/ Timothy Swabb<br>TIMOTHY SWABB<br>Assistant Corporation Counsel<br>30 N. LaSalle Street, Suite 1020<br>Chicago, Illinois 60602<br>(312) 744-7630<br>ARDC No. 6193885 | |

---

[1] Plaintiffs only name the City in their state law claims. Therefore if the Court grants this motion the City will no longer be a defendant.