## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RICKY GRAHAM, SULEANDER SIPP, and JERMAINE SIPP, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 08 C 889 |
| v. | ) ) | |
| JOHN P. DOLAN, CRAIG A DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO | ) ) ) ) ) ) ) ) ) ) | Judge Ronald A. Guzman  Magistrate Judge Martin C. Ashman  JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## INDIVIDUAL DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Matthew P. Cline, Daniel J. DeLopez, John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell, Jr., Scott M. Wolff, and Eddie M. Yoshimura (collectively "Individual Defendants"), by and through one of their attorneys, Shneur Z. Nathan, hereby submit the foregoing Answer, Affirmative Defenses, and Jury Demand to Plaintiffs' First Amended Complaint:

### NATURE OF CLAIM

1.     This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:        Individual Defendants admit that Plaintiffs purport to bring a civil rights action pursuant to 42 U.S.C. § 1983 and the laws of Illinois, but deny that the United**

States Constitution provides Plaintiffs with a direct cause of action. Individual Defendants admit that Plaintiffs' Complaint purports to seek relief for certain acts and/or omissions, but deny any wrongful conduct.

2.    Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and conversion.

**ANSWER:**    **Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

## JURISDICTION AND VENUE

3.    Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

**ANSWER:**    **Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

4.    Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER:**    **Individual Defendants admit that venue is proper in the United States District Court for the Northern District of Illinois, but deny any wrongful conduct.**

## PARTIES

5.    At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

**ANSWER:**    **Individual Defendants lack sufficient knowledge or information to form a belief as to the citizenship status of Plaintiffs or the location of their respective residences.**

6.    At all times herein mentioned, defendants, JOHN P. DOLAN, CRAIG A DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity. As soon as the names of the UNKNOWN OFFICERS are known, plaintiffs

will move to amend this complaint.

**ANSWER:**    **Individual defendants make no response on behalf of Unknown Officers or with regard to Plaintiffs' intentions. Answering further, Individual Defendants admit the remaining allegations set forth in the above paragraph.**

7.    Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**    **Individual Defendants admit the allegations set forth in the above paragraph.**

## STATEMENT OF FACTS

8.    On February 9, 2007, at approximately 10:00 PM, defendant police officers illegally entered and raided the second floor apartment at 1136 N. Monticello, in Chicago, Illinois.

**ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

9.    On that date, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, lived in said premises and were home at the time.

**ANSWER:**    **Individual Defendants admit that Plaintiffs stated they lived in the second floor apartment at 1136 N. Monticello, but lack sufficient knowledge or information to form a belief as to the truth of whether Plaintiffs actually lived there. Answering further, Plaintiffs were not on the second floor of 1136 N. Monticello during their interactions with Individual Defendants.**

10.    Despite the fact that plaintiffs made no attempt to leave and did nothing to resist or interfere with the illegal actions of the police, defendant police officers pulled their guns and pointed them at plaintiffs, and seized, searched, and handcuffed plaintiffs.

**ANSWER:**    **Individual Defendants deny handcuffing Suleaner Sipp and deny any wrongful conduct. Individual Defendants admit the remaining allegations set forth in the**

**above paragraph.**

11.    Defendant police officers proceeded to search the second floor apartment at 1136 N. Monticello without a warrant, without permission, and without legal cause.

**ANSWER:    Individual Defendants admit a limited area within the second floor apartment at 1136 N. Monticello was searched; that the warrant involved did not specify the second floor apartment; and that they did not receive permission to search that limited area. Individual Defendants deny the remaining allegations set forth in the above paragraph and deny any wrongful conduct. Answering further, Individual Defendants deny that the above paragraph fully, fairly, and accurately portrays the events of February 9, 2007.**

12.    Plaintiffs were taken to the first floor apartment, detained, and held under arrest by defendants for a number of hours during the wrongful search.

**ANSWER:    Individual Defendants admit Plaintiffs were detained on the first floor, but deny the remaining allegations set forth in the above paragraph.**

13.    Defendant police officers illegally seized cash from plaintiffs' home during their wrongful search, which has never been returned.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph. Answering further, Individual Defendants deny that the above paragraph fully, fairly, and accurately portrays the events of February 9, 2007.**

14.    By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

15.    The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

**ANSWER:    Individual Defendants deny the allegations set forth in the above**

4

paragraph.

16.    By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

ANSWER:    Individual Defendants deny the allegations set forth in the above

paragraph.

## COUNT I
### Plaintiffs Against Individual Defendants for False Arrest/Illegal Detention

17.    Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 -16, as though set forth herein in their entirety.

ANSWER:    Individual Defendants reassert their answers contained in

paragraphs 1-16 and incorporate those answers herein, as if fully stated.

18.    The seizure, arrest, and detention of plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, were without probable cause and unreasonable.

ANSWER:    Individual Defendants deny the allegations set forth in the above

paragraph.

19.    By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, was deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

ANSWER:    Individual Defendants deny the allegations set forth in the above

paragraph.

WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in

their favor and against Plaintiffs as to Count I of Plaintiffs' Complaint, and any other relief

this Court deems appropriate.

5

<u>COUNT II</u>
**Plaintiffs Against Individual Defendants for Unconstitutional
Search and Seizure**

20.     Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs I -16, as though set forth herein in their entirety.

**<u>ANSWER</u>:     Individual Defendants reassert their answers contained in paragraphs 1-16 and incorporate those answers herein, as if fully stated.**

21.     Defendant police officers searched plaintiffs' home at 1136 N. Monticello, in Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

**<u>ANSWER</u>:     Individual Defendants deny the allegations set forth in the above paragraph.**

22.     Defendant police officers seized cash from plaintiffs' home and have failed to return it.

**<u>ANSWER</u>:     Individual Defendants admit that they seized cash from the person of Anthony Sipp while he was in the second floor apartment of 1136 N. Monticello. Individual Defendants lack sufficient knowledge or information to form a belief as to whether the money seized from Anthony Sipp was ultimately returned to him. Individual Defendants deny the remaining allegations set forth in the above paragraph.**

23.     By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**<u>ANSWER</u>:     Individual Defendants deny the allegations of paragraph 23.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count II of Plaintiffs' Complaint, and any other relief this Court deems appropriate.**

6

## COUNT III
### Plaintiffs Against Individual Defendants for Failure to Intervene

24.    Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs I -16, as though set forth herein in their entirety.

**ANSWER:    Individual Defendants reassert their answers contained in paragraphs 1-16 and incorporate those answers herein, as if fully stated.**

25.    Defendant police officers had reason to know that the seizure of plaintiffs, the search of their home, and the seizure of cash were without a valid warrant, without consent, without probable cause, and without exigent circumstances.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

26.    Defendant police officers had a reasonable opportunity to prevent the illegal searches and seizures from occurring, but failed to do so.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph and further deny any wrongdoing.**

27.    By reason of the conduct of defendant police officers, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.    Therefore, the individual defendants, and each of them, is liable to all plaintiffs pursuant to 42 U.S.C. §1983.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count III of Plaintiffs' Complaint, and any other relief this Court deems appropriate.**

## COUNT IV
### Plaintiffs Against All Defendants for the State Supplemental Claim of
### False Imprisonment

28. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 -16, as though set forth herein in their entirety.

**ANSWER:** **Individual Defendants reassert their answers contained in paragraphs 1-16 and incorporate those answers herein, as if fully stated.**

29.    Plaintiffs were arrested and detained despite defendant police officers' knowledge that there was no legal justification for doing so.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

30.    Defendant police officers unlawfully restrained plaintiffs' liberty by imprisoning them.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

31.    The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of false imprisonment.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

32.    Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of respondeat superior.

**ANSWER:** **Individual Defendants deny that they committed the wrongful acts complained of and therefore deny the allegations in this paragraph.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count IV of Plaintiffs' Complaint, and any other relief this Court deems appropriate.**

<u>COUNT V</u>
**Plaintiffs Against All Defendants for the State Supplemental Claim of Conversion**

33.    Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 -16, as though set forth herein in their entirety.

**<u>ANSWER:</u>    Individual Defendants reassert their answers contained in paragraphs 1-16 and incorporate those answers herein, as if fully stated.**

34.    Defendants' assumption of control over plaintiffs cash was unauthorized and wrongful.

**<u>ANSWER:</u>    Individual Defendants deny the allegations set forth in the above paragraph.**

35.    Plaintiffs had the right to control and possess their property.

**<u>ANSWER:</u>    Because Plaintiffs failed to identify what property they are referring to or the timeframe that they claim they had such a right, Individual Defendants lack sufficient knowledge or information from which to either admit or deny the allegations of the above paragraph; furthermore, Individual Defendants deny any wrongdoing**

36.    Plaintiffs' property has not been returned. By withholding said property, defendants have deprived plaintiffs of their personal property without their consent.

**<u>ANSWER:</u>    Individual Defendants lack sufficient knowledge or information to form a belief as to whether Plaintiff's unidentified property has been returned. Individual Defendants deny the remaining allegations set forth in the above paragraph.**

37.    The individual defendants are liable to plaintiffs under Illinois law for the state supplemental claim of conversion.

**<u>ANSWER:</u>    Individual Defendants deny the allegations set forth in the above paragraph.**

38.    Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of respondeat superior.

**ANSWER:**    **Individual Defendants deny that they committed the wrongful acts complained of and therefore, deny the allegations set forth in the above paragraph.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count V of Plaintiffs' Complaint, and any other relief this Court deems appropriate.**

## AFFIRMATIVE DEFENSES

1.    Individual Defendants are entitled to qualified immunity.  Individual Defendants are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiffs' First Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed his actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

2.    Regarding Plaintiffs' state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3.    As to all state law counts, under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because the decision to arrest, based upon the information and circumstances known to Individual Defendants at the time, was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201 (2006).

4.    Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the

execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202 (2006).

5.    Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because they were public employees acting within the scope of their employment, and as such, are not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

6.    Under Illinois Tort Immunity law, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208 (2006).

7.    Regarding Plaintiffs' state law claims, to the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of any Plaintiff, the verdict or judgment obtained by any Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

8.    To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

## FEDERAL RULE 12(b)(6) DEFENSES

9.       Punitive damages under section 1983 violate due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and are void for vagueness for failing to specify (1) what sort of conduct gives rise to liability for such damages, and (2) the maximum fine.

10.      In Counts I and II of Plaintiff's First Amended Complaint, Plaintiffs attempt to allege against Individual Defendants claims of false arrest/illegal detention and illegal search and seizure under the Fourteenth Amendment. However, the proper standard for analyzing those respective claims is under the Fourth Amendment. As such, Counts I and II should be dismissed. *See Albright v. Oliver*, 510 U.S. 266, 274-75 (1994).

11.      In Count III of Plaintiffs' First Amended Complaint, Plaintiffs attempt to allege a failure to intervene claim under the Fourth Amendment against the Individual Defendants. However, the proper standard for analyzing a failure to intervene claim is under the Fourteenth Amendment. *See Byrd v. Brishke*, 466 F.2d 6, 10 (7th Cir. 1972). As such, Plaintiffs' failure to intervene claim should be dismissed.

## JURY DEMAND

**Individual Defendants demand trial by jury.**

Respectfully submitted,

*/s/ Shneur Nathan*
SHNEUR NATHAN
Assistant Corporation Counsel
Attorney for Individual Defendants

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-1842 (Phone)
(312) 744-6566 (Fax)
Atty. No. 06294495

12

## CERTIFICATE OF SERVICE

I, Shneur Z. Nathan, an attorney, hereby certify that on April 16, 2008, I caused Individual Defendants' Joint Answer, Affirmative Defenses and Jury Demand to Plaintiffs' First Amended Complaint to be served upon all counsel of record by filing the same before the Court via the ECF system.

/s/ Shneur Z. Nathan_____
Shneur Z. Nathan