UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY GRAHAM, SULEANDER SIPP, and JERMAINE SIPP, | )<br>)<br>) |
| Plaintiffs, | )<br>)   Case No. 08 C 889 |
| v. | )<br>) |
| JOHN P. DOLAN, CRAIG A DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, Ashman UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO | )<br>)<br>)   Judge Ronald A. Guzman<br>)<br>)   Magistrate Judge Martin C.<br>)<br>)<br>)   JURY TRIAL DEMANDED<br>) |
| Defendants. | ) |

### DEFENDANT CITY OF CHICAGO'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant the City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, answers plaintiff Ricky Graham, Suleander Sipp, and Jermaine Sipp's First Amended Complaint as follows:

### NATURE OF CLAIM

1.     This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

ANSWER:   The City admits that plaintiffs purport to bring a civil rights action pursuant to 42 U.S.C. § 1983 and the laws of Illinois, but denies that the United States

1

Constitution provides plaintiffs with a direct cause of action and denies that the City has violated any law or statute.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment and conversion.

ANSWER: The City admits that plaintiffs purport to assert Illinois state claims of false imprisonment and conversion. The City does not contest this Court's jurisdiction, but denies that it has violated any law or statute.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

ANSWER: The City does not contest this Court's jurisdiction, but denies that it has violated any law or statute.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

ANSWER: The City does not contest venue in this Court, but denies that it has violated any law or statute.

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

ANSWER: The City lacks sufficient knowledge or information to form a belief as to the citizenship status of plaintiffs or the location of their respective residences.

6. At all times herein mentioned, defendants, JOHN P. DOLAN, CRAIG A DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity. As soon as the names of the UNKNOWN OFFICERS are known, plaintiffs will move to amend this complaint.

ANSWER: The City admits that at all times herein mentioned John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell, Jr., Scott M. Wolff, Matthew P. Cline, Daniel J. De Lopez, and Eddie M. Yoshimura were officers employed by the City. The City admits that plaintiffs purport to sue these defendants in their individual capacities. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

ANSWER: The City admits that it is a municipal corporation, duly organized under the laws of the State of Illinois. The City further admits that on November 6, 2005, it was the employer of Defendant Officers Dolan, Dunderdale, Karczewski, Mitchell, Wolff, Cline, De Lopez, and Yoshimura. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

## STATEMENT OF FACTS

8. On February 9, 2007, at approximately 10:00 PM, defendant police officers illegally entered and raided the second floor apartment at 1136 N. Monticello, in Chicago, Illinois.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

3

9. On that date, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, lived in said premises and were home at the time.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

10. Despite the fact that plaintiffs made no attempt to leave and did nothing to resist or interfere with the illegal actions of the police, defendant police officers pulled their guns and pointed them at plaintiffs, and seized, searched, and handcuffed plaintiffs.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

11. Defendant police officers proceeded to search the second floor apartment at 1136 N. Monticello without a warrant, without permission, and without legal cause.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

12. Plaintiffs were taken to the first floor apartment, detained, and held under arrest by defendants for a number of hours during the wrongful search.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

13. Defendant police officers illegally seized cash from plaintiffs' home during their wrongful search, which has never been returned.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

14. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

ANSWER: The City denies that the City has violated any law or statute or is liable to plaintiffs for attorneys" fees. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## COUNT I
**Plaintiffs Against Individual Defendants for False Arrest/Illegal Detention**

17. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1-16, as though set forth herein in their entirety.

ANSWER: The City restates its answers to paragraphs 1 through 16.

18. The seizure, arrest, and detention of plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, were without probable cause and unreasonable.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, was deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT II
### Plaintiffs Against Individual Defendants for Unconstitutional Search and Seizure

20. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1-16, as though set forth herein in their entirety.

ANSWER: The City restates its answers to paragraphs 1 through 16.

21. Defendant police officers searched plaintiffs' home at 1136 N. Monticello, in Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. Defendant police officers seized cash from plaintiffs' home and have failed to return it.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT III
### Plaintiffs Against Individual Defendants for Failure to Intervene

24. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 -16, as though set forth herein in their entirety.

ANSWER:    The City restates its answers to paragraphs 1 through 16.

25.    Defendant police officers had reason to know that the seizure of plaintiffs, the search of their home, and the seizure of cash were without a valid warrant, without consent, without probable cause, and without exigent circumstances.

ANSWER:    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26.    Defendant police officers had a reasonable opportunity to prevent the illegal searches and seizures from occurring, but failed to do so.

ANSWER:    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27.    By reason of the conduct of defendant police officers, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to all plaintiffs pursuant to 42 U.S.C. §1983.

ANSWER:    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT IV
### Plaintiffs Against All Defendants for the State Supplemental Claim of False Imprisonment

28. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1 -16, as though set forth herein in their entirety.

ANSWER:    The City restates its answers to paragraphs 1 through 16.

29.    Plaintiffs were arrested and detained despite defendant police officers' knowledge that there was no legal justification for doing so.

ANSWER:    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. Defendant police officers unlawfully restrained plaintiffs' liberty by imprisoning them.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of false imprisonment.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of respondeat superior.

ANSWER: The City denies the allegations in this paragraph.

### COUNT V
### Plaintiffs Against All Defendants for the State Supplemental Claim of Conversion

33. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, and JERMAINE SIPP, incorporate and reallege paragraphs 1-16, as though set forth herein in their entirety.

ANSWER: The City restates its answers to paragraphs 1 through 16.

34. Defendants' assumption of control over plaintiffs' cash was unauthorized and wrongful.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. Plaintiffs had the right to control and possess their property.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36. Plaintiffs' property has not been returned. By withholding said property, defendants have deprived plaintiffs of their personal property without their consent.

ANSWER: The City denies any allegation that it has deprived plaintiffs of their personal property in violation of any law or statute. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

37. The individual defendants are liable to plaintiffs under Illinois law for the state supplemental claim of conversion.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of respondeat superior.

ANSWER: The City denies the allegations in this paragraph.

Wherefore, the City prays that this Court enter judgment in its favor on plaintiffs' First Amended Complaint, award the City such costs and fees allowed by the law, and grant such further relief as this Court deems just and proper.

## DEFENSES

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006); see also Wright v. City of Danville, 174 Ill. 2d 392 (1996).

2. The City is not liable to plaintiffs if its employees or agents are not liable to plaintiffs. 745 ILCS 10/2-109 (2006).

3.      To the extent that any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2006).

4.      The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5.      As to plaintiffs' state law claims, the City is not liable to pay attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and they ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill2d. 154, 166 (1979) (citations omitted).

6.      To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiffs, any verdict or judgment obtained by Plaintiffs, any verdict or judgment obtained by them must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

7.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204(2004).

8.      Plaintiff has a duty to mitigate his damages and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been lessened by plaintiff's failure to take reasonable action to minimize those damages.

## JURY DEMAND

The City requests a trial by jury.

                                      Respectfully submitted,

                                      MARA S. GEORGES
                                      Corporation Counsel of the
                                      City of Chicago

                                By: <u>/s/ Megan McGrath</u>
                                      Megan McGrath
                                      Le'Ora Tyree
                                      Assistants Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-8369