UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, JOSEPH F. GORMAN, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, <br><br> Defendants. | Case No. 08 C 889 <br><br> Judge Ronald A. Guzman <br><br> Magistrate Judge Martin C. Ashman <br><br> JURY TRIAL DEMANDED |

## SECOND AMENDED CIVIL RIGHTS COMPLAINT

Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, by and through their attorney, Irene K. Dymkar, and complaining against defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, JOSEPH F. GORMAN, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, state as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants

committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment, malicious prosecution, and conversion.

**JURISDICTION AND VENUE**

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**PARTIES**

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

6. At all times herein mentioned, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, JOSEPH F. GORMAN, and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity. As soon as the names of the UNKNOWN OFFICERS are known, plaintiffs will move to amend this complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On February 9, 2007, at approximately 10:00 PM, defendant police officers illegally entered and raided the second floor apartment at 1136 N. Monticello, in Chicago, Illinois.

9. On that date, plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP lived in said premises and they were home at the time of the raid.

10. Despite the fact that plaintiffs made no attempt to leave and did nothing to resist or interfere with the illegal actions of the police, defendant police officers pulled their guns and pointed them at plaintiffs, and seized, searched, and handcuffed plaintiffs.

11. Defendant police officers proceeded to search the second floor apartment at 1136 N. Monticello without a warrant, without permission, and without legal cause, causing damage to said apartment.

12. Plaintiffs were taken to the first floor apartment, detained, and held under arrest by defendants for a number of hours during the wrongful search. Plaintiff ANTHONY SIPP was placed under formal arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

13. Defendant police officers caused a false drug charge to be filed against plaintiff ANTHONY SIPP. Plaintiff was booked, processed, and formally charged with said offense, and was wrongfully incarcerated as a result of the criminal charge brought against him.

14. Defendant police officers illegally seized cash from plaintiffs' home and from ANTHONY SIPP's person during their wrongful search, which has never been returned.

15. The criminal charge was stricken on leave to re-file and was never re-instituted by the Cook County State's Attorney, thus resulting in a favorable termination of said charge against plaintiff ANTHONY SIPP.

16. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

17. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

18. By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**All Plaintiffs Against Individual Defendants for False Arrest/Illegal Detention**

19. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP incorporate and reallege paragraphs 1 – 18, as though set forth herein in their entirety.

20.     The seizure, arrest, and detention of plaintiffs were without probable cause and unreasonable.

21.     By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT II
### All Plaintiffs Against Individual Defendants for Unconstitutional Search and Seizure

22.     Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP incorporate and reallege paragraphs 1 – 18, as though set forth herein in their entirety.

23.     Defendant police officers searched plaintiffs' home at 1136 N. Monticello, in Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

24.     Defendant police officers seized cash from plaintiffs' home and plaintiff ANTHONY SIPP's person and have failed to return it.

25.     By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, were deprived of rights, privileges and immunities secured to them  by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.   Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III
### All Plaintiffs Against Individual Defendants for Failure to Intervene

26. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, incorporate and reallege paragraphs 1 – 18, as though set forth herein in their entirety.

27. Defendant police officers had reason to know that the seizure and arrest of plaintiffs, the search of their home, and the seizure of cash were without a valid warrant, without consent, without probable cause, and without exigent circumstances.

28. Defendant police officers had a reasonable opportunity to prevent the illegal searches and seizures, as well as the malicious prosecution, from occurring, but failed to do so.

29. By reason of the conduct of defendant police officers, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, the individual defendants, and each of them, is liable to all plaintiffs pursuant to 42 U.S.C.

## COUNT IV
### All Plaintiffs Against All Defendants for the State Supplemental Claim of False Imprisonment

30. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, incorporate and reallege paragraphs 1 – 18, as though set forth herein in their entirety.

31. Plaintiffs were arrested and detained despite defendant police officers' knowledge that there was no legal justification for doing so.

32. Defendant police officers unlawfully restrained plaintiffs' liberty by imprisoning them.

33. The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of false imprisonment.

34. Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior.*

### COUNT V
**Plaintiff ANTHONY SIPP Against All Individual Defendants for Due Process Violations**

35. Plaintiff ANTHONY SIPP incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

36. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

37. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

38. By reason of the conduct of the individual defendants, plaintiff ANTHONY SIPP was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT VI
**Plaintiff ANTHONY SIPP Against All Defendants for the State Supplemental Claim of Malicious Prosecution**

39. Plaintiff ANTHONY SIPP incorporates and realleges paragraphs 1 – 18, as though set forth herein in their entirety.

40. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

41. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony and information under oath.

42. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these criminal charges.

43. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

44. The criminal proceedings were terminated in plaintiff's favor.

45. The individual defendants, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

46. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

## COUNT VII
### Plaintiffs RICKY GRAHAM, JERMAINE SIPP, and ANTHONY SIPP Against All Defendants for the State Supplemental Claim of Conversion

47.     Plaintiffs RICKY GRAHAM, JERMAINE SIPP, and ANTHONY SIPP, incorporate and reallege paragraphs 1 – 18, as though set forth herein in their entirety.

48.     Defendants' assumption of control over plaintiffs' cash was unauthorized and wrongful.

49.     Plaintiffs had the right to control and possess their property.

50.     Plaintiffs' property has not been returned despite a request for its return.  By withholding said property, defendants have deprived plaintiffs of their personal property without their consent.

51.     The individual defendants are liable to plaintiffs under Illinois law for the state supplemental claim of conversion.

52.     Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, by and through their attorney, Irene K. Dymkar, request judgment as follows against defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, JOSEPH F. GORMAN, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, on each and every claim:

> 1.     That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2.	That defendants be required to pay plaintiffs special damages,

3.	That defendants, except CITY OF CHICAGO, be required to pay the plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4.	That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5.	That defendants be required to pay plaintiffs costs of the suit herein incurred, and

6.	That plaintiffs be granted such other and further relief as this Court may deem just and proper

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**

Dated: July 28, 2008　　　　　　　　　　　　　　/s　　Irene K. Dymkar
　　　　　　　　　　　　　　　　　　　　　　　　　　　Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123


**CERTIFICATE OF SERVICE**

　　　　I, Irene K. Dymkar, an attorney, certify that on the 28th day of July, 2008, a copy of plaintiff's Second Amended Complaint was served upon the attorneys for defendants named below electronically, through the court's electronic filing system:

Schneur Z. Nathan　　　　　　　　　　　　　Megan K. McGrath
City of Chicago, Department of Law　　　　　City of Chicago, Department of Law
30 N. LaSalle, Suite 1400　　　　　　　　　　30 N. LaSalle, Suite 1020
Chicago, IL 60602　　　　　　　　　　　　　Chicago, IL 60602


Dated: July 28, 2008　　　　　　　　　　　　　　/s　　Irene K. Dymkar
　　　　　　　　　　　　　　　　　　　　　　　　　　　Irene K. Dymkar

10