IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, | ) ) ) | No.   08 C 0889 |
| Plaintiffs, | ) ) ) | JUDGE GUZMAN |
| v. | ) ) ) | Magistrate Judge Ashman |
| JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, JOSEPH F. GORMAN, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Matthew P. Cline, Daniel J. DeLopez, John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell, Jr., Scott M. Wolff, Eddie M. Yoshimura, and Joseph Gorman (collectively "Individual Defendants"), by and through one of their attorneys, Shneur Z. Nathan, hereby submit the foregoing Answer, Affirmative Defenses, and Jury Demand to Plaintiffs' Second Amended Complaint:

**NATURE OF CLAIM**

1.      This action arises under the United States Constitution and the laws of the United States, specifically the civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**      Individual Defendants admit that Plaintiffs purport to bring a civil

rights action pursuant to 42 U.S.C. § 1983 and the laws of Illinois, but deny that the United States Constitution provides Plaintiffs with a direct cause of action. Individual Defendants admit that Plaintiffs' Complaint purports to seek relief for certain acts and/or omissions, but deny any wrongful conduct.

2.  Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment, malicious prosecution, and conversion.

**ANSWER:** Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.

## JURISDICTION AND VENUE

3.  Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367.

**ANSWER:** Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.

4.  Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to their claim occurred in this district.

**ANSWER:** Individual Defendants admit that venue is proper in the United States District Court for the Northern District of Illinois, but deny any wrongful conduct.

## PARTIES

5.  At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

**ANSWER:** Individual Defendants lack sufficient knowledge or information to form a belief as to the citizenship status of Plaintiffs or the location of their respective residences.

6.  At all times herein mentioned, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, JOSEPH F. GORMAN, and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity. As soon as the names of the UNKNOWN OFFICERS are known, plaintiffs will move to amend this complaint.

ANSWER:    **ANSWER:    Individual defendants make no response on behalf of Unknown Officers or with regard to Plaintiffs' intentions. Answering further, Individual Defendants admit the remaining allegations set forth in the above paragraph.**

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:    Individual Defendants admit the allegations set forth in the above paragraph.**

## STATEMENT OF FACTS

8. On February 9, 2007, at approximately 10:00 p.m., defendant police officers illegally entered and raided the second floor apartment at 1136 N. Monticello, in Chicago, Illinois.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

9. On that date, plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP lived in said premises and they were home at the time of the raid.

**ANSWER:    Individual Defendants admit that Plaintiffs stated they lived in the second floor apartment at 1136 N. Monticello, but lack sufficient knowledge or information to form a belief as to the truth of whether Plaintiffs actually lived there. Answering further, other than Anthony Sipp, Plaintiffs were not on the second floor of 1136 N. Monticello during any of their interactions with Individual Defendants.**

10. Despite the fact that plaintiffs made no attempt to leave and did nothing to resist or interfere with the illegal actions of the police, defendant police officers pulled their guns and pointed them at plaintiffs, and seized, searched, and handcuffed plaintiffs.

**ANSWER:    Individual Defendants deny handcuffing Suleaner Sipp and deny any wrongful conduct. Individual Defendants admit the remaining allegations set forth in the above paragraph.**

3

11. Defendant police officers proceeded to search the second floor apartment at 1136 N. Monticello without a warrant, without permission, and without legal cause, causing damage to said apartment.

**ANSWER: Individual Defendants admit limited areas within the second floor apartment at 1136 N. Monticello were searched; that the warrant involved did not specify the second floor apartment; and that they did not receive permission to search the subject limited areas. Individual Defendants deny the remaining allegations set forth in the above paragraph and deny any wrongful conduct. Answering further, Individual Defendants deny that the above paragraph fully, fairly, and accurately portrays the events of February 9, 2007.**

12. Plaintiffs were taken to the first floor apartment, detained, and held under arrest by Defendants for a number of hours during the wrongful search. Plaintiff Anthony Sipp was placed under formal arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER: Individual Defendants admit Plaintiffs were detained on the first floor and that Anthony Sipp was arrested without an arrest warrant, but deny the remaining allegations set forth in the above paragraph.**

13. Defendant police officers caused a false drug charge to be filed against Plaintiff ANTHONY SIPP. Plaintiff was booked, processed, and formally charged with said offense, and was wrongfully incarcerated as a result of the criminal charge brought against him.

**ANSWER: Individual Defendants deny the allegations set forth in the above paragraph.**

14. Defendant police officers illegally seized cash from plaintiffs' home and from ANTHONY SIPP's person during their wrongful search, which has never been returned.

**ANSWER: Individual Defendants deny the allegations set forth in the above paragraph.**

15. The criminal charge was stricken on leave to re-file and was never re-instituted by the Cook County State's Attorney, thus resulting in a favorable termination of said charge against plaintiff ANTHONY SIPP.

**ANSWER: Individual Defendants lack sufficient knowledge or information to**

4

form a belief as to the truth or falsity of the allegations set forth in the above paragraph.

16. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

17. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

18. By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

## COUNT I
### All Plaintiffs Against Individual Defendants for False Arrest/Illegal Detention

19. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP incorporate and re-allege paragraphs 1-18, as though set forth herein in their entirety.

**ANSWER:** **Individual Defendants reassert their answers contained in paragraphs 1-18 and incorporate those answers herein, as if fully stated.**

20. The seizure, arrest, and detention of plaintiffs were without probable cause and unreasonable.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

21. By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count I of Plaintiffs' Second Amended Complaint, and any other relief this Court deems appropriate.**

## COUNT II
### All Plaintiffs Against Individual Defendants for Unconstitutional Search and Seizure

22. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP incorporate and re-allege paragraphs 1-18, as though set forth herein in their entirety.

**ANSWER:** **Individual Defendants reassert their answers contained in paragraphs 1-18 and incorporate those answers herein, as if fully stated.**

23. Defendant police officers searched plaintiffs' home at 1136 N. Monticello, in Chicago, Illinois, without a warrant, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

**ANSWER:** **Individual Defendants lack sufficient knowledge or information to form a belief as to the residences of each plaintiff. Answering further, Individual Defendants admit limited areas within the second floor apartment at 1136 N. Monticello were searched; that the warrant involved did not specify the second floor apartment; and that they did not receive permission to search the subject limited area. Individual Defendants deny the remaining allegations set forth in the above paragraph and deny any wrongful conduct. Answering further, Individual Defendants deny that the above paragraph fully, fairly, and accurately portrays the events of February 9, 2007.**

6

24. Defendant police officers seized cash from plaintiffs' home and plaintiff ANTHONY SIPP's person and have failed to return it.

**ANSWER:** Individual Defendants lack sufficient knowledge or information to form a belief as to the residences of each plaintiff. Answering further, Individual Defendants admit they seized and inventoried cash from the person of Anthony Sipp, and to the best of their knowledge, that cash is being held at the Evidence and Recovered Property Section of the Chicago Police Department. Individual Defendants deny seizing any other cash.

25. By reason of the conduct of defendant police officers, plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER:** Individual Defendants deny the allegations set forth in the above paragraph.

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count II of Plaintiffs' Second Amended Complaint, and any other relief this Court deems appropriate.**

## COUNT III
### All Plaintiffs Against Individual Defendants for Failure to Intervene

26. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, incorporate and re-allege paragraphs 1-18, as though set forth herein in their entirety.

**ANSWER:** Individual Defendants reassert their answers contained in paragraphs 1-18 and incorporate those answers herein, as if fully stated.

27. Defendant police officers had reason to know that the seizure and arrest of Plaintiffs, the search of their home, and the seizure of cash were without a valid warrant, without consent, without probable cause, and without exigent circumstances.

**ANSWER:** Individual Defendants deny the allegations set forth in the above paragraph.

28. Defendant police officers had a reasonable opportunity to prevent the illegal searches and seizures, as well as the malicious prosecution, from occurring, but failed to do so.

7

**ANSWER:** Individual Defendants deny any illegal search, seizure, or malicious prosecution occurred and therefore deny the allegations set forth in the above paragraph.

29.   By reason of the conduct of defendant police officers, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to all plaintiffs pursuant to 42 U.S.C. (sic).

**ANSWER:** Individual Defendants deny the allegations set forth in the above paragraph.

**WHEREFORE,** Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count III of Plaintiffs' Second Amended Complaint, and any other relief this Court deems appropriate.

## COUNT VI
### All Plaintiffs against All Defendants for the State Supplemental Claim of False Imprisonment

30.   Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, incorporate and re-allege paragraphs 1-18, as though fully set forth in their entirety.

**ANSWER:** Individual Defendants reassert their answers contained in paragraphs 1-18 and incorporate those answers herein, as if fully stated.

31.   Plaintiffs were arrested and detained despite defendant officers' knowledge that there was no legal justification for doing so.

**ANSWER:** Individual Defendants admit Anthony Sipp was arrested and that plaintiffs were detained in the first floor apartment of 1136 N. Monticello during the execution of the subject search warrant, but deny the remaining allegations set forth in the above paragraph.

32.   Defendant police officers unlawfully restrained plaintiffs' liberty by imprisoning them.

**ANSWER:** Individual Defendants deny the allegations set forth in the above paragraph.

33.   The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of false imprisonment.

**ANSWER:** Individual Defendants deny the allegations set forth in the above paragraph.

      34.      Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**ANSWER:**    **Individual Defendants deny that they committed the wrongful acts complained of and therefore deny the allegations in this paragraph.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count IV of Plaintiffs' Second Amended Complaint, and any other relief this Court deems appropriate.**

### COUNT V
### Plaintiff ANTHONY SIPP Against All Individual Defendants
### for Due Process Violations

      35.      Plaintiff ANTHONY SIPP incorporates and re-alleges paragraphs 1-18, as though set forth herein in their entirety.

**ANSWER:**    **Individual Defendants reassert their answers contained in paragraphs 1-18 and incorporate those answers herein, as if fully stated.**

      36.      The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

**ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

      37.      These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:**    **Individual Defendants deny the allegations set forth in paragraph 36 and therefore deny the allegations set forth in the above paragraph.**

      38.      By reason of the conduct of the individual defendants, plaintiff ANTHONY SIPP was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in**

their favor and against Plaintiffs as to Count V of Plaintiffs' Second Amended Complaint, and any other relief this Court deems appropriate.

## COUNT VI
### Plaintiff ANTHONY SIPP Against All Defendants for the State Supplemental Claim <u>of Malicious Prosecution</u>

39. Plaintiff ANTHONY SIPP incorporates and realleges paragraphs 1-18, as though set forth here in their entirety.

**ANSWER:** **Individual Defendants reassert their answers contained in paragraphs 1-18 and incorporate those answers herein, as if fully stated.**

40. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

41. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony and information under oath.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

42. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these criminal charges.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

43. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

44. The criminal proceedings were terminated in plaintiff's favor.

**ANSWER:** **Individual Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in the above paragraph.**

45. The individual defendants, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

46. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:   Individual Defendants deny that they committed the wrongful acts complained of and therefore deny the allegations in this paragraph.**

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count VI of Plaintiffs' Second Amended Complaint, and any other relief this Court deems appropriate.**

## COUNT VII
### Plaintiffs RICKY GRAHAM, JERMAINE SIPP, and ANTHONY SIPP Against All Defendants for the State Supplemental Claim of Conversion

47. Plaintiffs RICKY GRAHAM, JERMAINE SIPP, and ANTHONY SIPP incorporate and reallege paragraphs 1-18, as though set forth here in their entirety.

**ANSWER:   Individual Defendants reassert their answers contained in paragraphs 1-18 and incorporate those answers herein, as if fully stated.**

48. Defendants' assumption of control over plaintiffs' cash was unauthorized and wrongful.

**ANSWER:   Individual Defendants lack sufficient knowledge or information to form a belief as to what cash plaintiffs complain of and therefore deny the allegations set forth in the above paragraph.**

49. Plaintiffs had the right to control and possess their property.

**ANSWER:   Individual Defendants lack sufficient knowledge or information to form a belief as to what property plaintiffs complain of and therefore deny the allegations set forth in the above paragraph.**

50. Plaintiffs' property has not been returned despite a request for its return. By withholding said property, defendants have deprived plaintiffs of their personal property without their consent.

**ANSWER:** Individual Defendants lack sufficient knowledge or information to form a belief as to what property plaintiffs complain of and therefore deny the allegations set forth in the above paragraph.

51.     The individual defendants are liable to plaintiffs under Illinois law for the state supplemental claim of conversion.

**ANSWER:** Individual Defendants deny the allegations set forth in the above paragraph.

52.     Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Individual Defendants deny that they committed the wrongful acts complained of and therefore deny the allegations in this paragraph.

**WHEREFORE, Individual Defendants respectfully request this Court to enter judgment in their favor and against Plaintiffs as to Count VII and all counts of Plaintiffs' Second Amended Complaint, and any other relief this Court deems appropriate.**

## AFFIRMATIVE DEFENSES

1.     Individual Defendants are entitled to qualified immunity. Individual Defendants are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiffs' First Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed his actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

2.     Anthony Sipp's state law claims (Counts IV, VI, and VII) against all Defendants are time barred. The one-year statute of limitations specified in the Local Governmental and Governmental Employees Illinois Tort Immunity Act ("Tort Immunity Act") applies because they are state law claims brought against, Individual Defendants, all of whom are municipal employees. 745 ILCS 10/8-101(a) (West 2006); *Evans v. City of Chicago*, 434 F.3d 916, 934-35 (7th Cir. 2006)

(applying the Tort Immunity Act to bar state law claims against municipal employees filed one year after accrual).

    3.    Moreover, all state law claims alleged against Defendant Joseph Gorman by all plaintiffs (Counts IV, VI, and VII) are time barred under the Tort Immunity Act.

    4.    Regarding Plaintiffs' state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

    5.    As to all state law counts, under the Tort Immunity Act, Individual Defendants are not liable because the decision to arrest, based upon the information and circumstances known to Individual Defendants at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (2006).

    6.    Under the Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2006).

    7.    Under the Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because they were public employees acting within the scope of their employment, and as such, are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

    8.    Under the Tort Immunity Act, Defendant Officers are not liable for injury allegedly caused by the institution or prosecution of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

9. Regarding Plaintiffs' state law claims, to the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of any Plaintiff, the verdict or judgment obtained by any Plaintiff based on any finding of "reckless," willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

10. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

## FEDERAL RULE 12(b)(6) DEFENSES

11. In Count V of Plaintiffs' Second Amended Complaint, Plaintiff Anthony Sipp attempts to allege a Due Process claim against Individual Defendants for "not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings." However, the proper way to address those alleged grievances is under a state law claim for malicious prosecution, *Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001) , or under *Brady v. Maryland,* 373 U.S. 83, 86 (1963). As such, Count V should be dismissed. *See Mosley v. City of Chicago,* No. 06-6314, 2007 WL 2608517, at *4 (N.D. Ill. Sep. 4, 2007).

12. Punitive damages under section 1983 violate due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and are void for vagueness for

failing to specify (1) what sort of conduct gives rise to liability for such damages, and (2) the maximum fine.

13. In Counts I and II of Plaintiffs' Second Amended Complaint, Plaintiffs attempt to allege against Individual Defendants claims of false arrest/illegal detention and illegal search and seizure under the Fourteenth Amendment. However, the proper standard for analyzing those respective claims is under the Fourth Amendment. As such, Counts I and II should be dismissed. *See Albright v. Oliver*, 510 U.S. 266, 274-75 (1994).

14. In Count III of Plaintiffs' Second Amended Complaint, Plaintiffs attempt to allege a failure to intervene claim under the Fourth Amendment against the Individual Defendants. However, the proper standard for analyzing a failure to intervene claim is under the Fourteenth Amendment. *See Byrd v. Brishke*, 466 F.2d 6, 10 (7th Cir. 1972). As such, Plaintiffs' failure to intervene claim should be dismissed.

## JURY DEMAND

**Individual Defendants demand trial by jury.**

Respectfully submitted,

*/s/ Shneur Nathan*
SHNEUR NATHAN
Assistant Corporation Counsel
Attorney for Individual Defendants

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-1842 (Phone)
(312) 744-6566 (Fax)
Atty. No. 06294495

**CERTIFICATE OF SERVICE**

      I, Shneur Z. Nathan, an attorney, hereby certify that on September 8, 2008, I caused Individual Defendants' Joint Answer, Affirmative Defenses and Jury Demand to Plaintiffs' Second Amended Complaint to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                        /s/ Shneur Z. Nathan\_\_\_\_
                                          Shneur Z. Nathan