IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, | ) ) ) | No.    08 C 0889 |
| Plaintiffs, | ) ) | JUDGE GUZMAN |
| v. | ) ) | Magistrate Judge Ashman |
| JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, JOSEPH F. GORMAN, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**CITY OF CHICAGO'S ANSWER, AFFIRMATIVE DEFENSES, AND
JURY DEMAND TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, submits the following Answer, Affirmative Defenses, and Jury Demand to Plaintiffs' First Amended Complaint:

**NATURE OF CLAIM**

1.    This action arises under the United States Constitution and the laws of the United States, specifically the civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    **The City admits that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. §1983, but denies that the United States Constitution provides Plaintiff with a direct cause of action. Answering further, the City denies that it violated any of Plaintiff's rights, violated any law or statute, and further denies that it caused**

**Plaintiff any injury. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment, malicious prosecution, and conversion.

**ANSWER:   The City admits that Plaintiffs are relying on this Court's supplemental jurisdiction to assert Illinois state law claims of false imprisonment, malicious prosecution, and conversion.**

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367.

**ANSWER:   The City admits the allegations in paragraph 3.**

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to their claim occurred in this district.

**ANSWER:   The City admits that all events or omissions alleged by Plaintiffs were to have occurred in this district, and that therefore venue lies in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391.**

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States and reside within the jurisdiction of the court.

**ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the citizenship status of Plaintiffs or the location of their respective residences.**

6. At all times herein mentioned, defendants, JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL, JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DE LOPEZ, EDDIE M. YOSHIMURA, JOSEPH F. GORMAN, and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of defendant CITY OF CHICAGO. They are being sued in their individual capacity. As soon as the names of the UNKNOWN OFFICERS are known, plaintiffs will move to amend this complaint.

**ANSWER:** **The City admits that, on February 9, 2007, Defendants Dolan, Dunderdale, Karczewski, Mitchell, Wolff, Cline, DeLopez, Yoshimura and Gorman were officers employed by the Chicago Police Department. The City further admits, on information and belief, that at all time relevant to the Complaint the named Defendants, Dolan, Dunderdale, Karczewski, Mitchell, Wolff, Cline, DeLopez, Yoshimura and Gorman, were acting in the scope of their employment and under the color of state law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** **The City admits the allegations contained in the first sentence of Paragraph 7. The City lacks knowledge or information regarding the second sentence of Paragraph 7, as it is unclear what Plaintiff means by the terms "managed" or "maintained."**

## STATEMENT OF FACTS

8. On February 9, 2007, at approximately 10:00 p.m., defendant police officers illegally entered and raided the second floor apartment at 1136 N. Monticello, in Chicago, Illinois.

**ANSWER:** **The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

9. On that date, plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP lived in said premises and they were home at the time of the raid.

**ANSWER:** **The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

10. Despite the fact that plaintiffs made no attempt to leave and did nothing to resist or interfere with the illegal actions of the police, defendant police officers pulled their guns and pointed them at plaintiffs, and seized, searched, and handcuffed plaintiffs.

**ANSWER:** **The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

11. Defendant police officers proceeded to search the second floor apartment at 1136 N. Monticello without a warrant, without permission, and without legal cause, causing damage to said apartment.

**ANSWER:** **The City admits that, according to Chicago Police Department documents, there was no warrant for the second floor apartment at 1136 N. Monticello. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

12. Plaintiffs were taken to the first floor apartment, detained, and held under arrest by Defendants for a number of hours during the wrongful search. Plaintiff Anthony Sipp was placed under formal arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

**ANSWER:** **The City admits that, according to Chicago Police Department documents, Anthony Sipp was arrested on February 9, 2007, and on that date there was no warrant for his arrest. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

13. Defendant police officers caused a false drug charge to be filed against Plaintiff ANTHONY SIPP. Plaintiff was booked, processed, and formally charged with said offense, and was wrongfully incarcerated as a result of the criminal charge brought against him.

**ANSWER:** **The City admits that, according Chicago Police Department documents, Anthony Sipp was charged with Possession of Cannabis. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

14. Defendant police officers illegally seized cash from plaintiffs' home and from ANTHONY SIPP's person during their wrongful search, which has never been returned.

4

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15.    The criminal charge was stricken on leave to re-file and was never re-instituted by the Cook County State's Attorney, thus resulting in a favorable termination of said charge against plaintiff ANTHONY SIPP.

**ANSWER:    The City admits that, according to records from the Circuit Court of Cook County, criminal charges against Anthony Sipp related to this incident were stricken off with leave to reinstate on May 17, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

16.    By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

**ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

17.    The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

**ANSWER:    The City denies each and every allegation of this paragraph.**

18.    By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:    The City denies the allegations of this paragraph as directed towards it. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

## COUNT I
### All Plaintiffs Against Individual Defendants for False Arrest/Illegal Detention

**ANSWER:** The City is not a party-defendant in Count I and therefore does not answer the allegations in this count. To the extent that the City is considered a party-defendant for Paragraph 19 of Count I, the City's answers to Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth. To the extent that an answer is required for the remaining Paragraphs of Count I, the City denies each and every allegation contained therein.

## COUNT II
### All Plaintiffs Against Individual Defendants for Unconstitutional Search and Seizure

**ANSWER:** The City is not a party-defendant in Count II and therefore does not answer the allegations in this count. To the extent that the City is considered a party-defendant for Paragraph 22 of Count II, the City's answers to Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth. To the extent that an answer is required for the remaining Paragraphs of Count II, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraphs.

## COUNT III
### All Plaintiffs Against Individual Defendants for Failure to Intervene

**ANSWER:** The City is not a party-defendant in Count III and therefore does not answer the allegations in this count. To the extent that the City is considered a party-defendant for Paragraph 26 of Count III, the City's answers to Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth. To the extent that an answer is required for the remaining Paragraphs of Count III, the City is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in said Paragraphs.

## COUNT VI
### All Plaintiffs against All Defendants for the State Supplemental Claim of False Imprisonment

30. Plaintiffs, RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP, and ANTHONY SIPP, incorporate and re-allege paragraphs 1-18, as though fully set forth in their entirety.

**ANSWER:** The City restates its answers to paragraphs 1 though 18.

31. Plaintiffs were arrested and detained despite defendant officers' knowledge that there was no legal justification for doing so.

**ANSWER:** The City admits that, according to records from the Chicago Police Department, Plaintiff Anthony Sipp was arrested on February 9, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

32. Defendant police officers unlawfully restrained plaintiffs' liberty by imprisoning them.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33. The individual defendants are liable to plaintiff under Illinois law for the state supplemental claim of false imprisonment.

**ANSWER:** The City is not required to answer as the allegations in Paragraph 33 are directed solely at the individual defendants. To the extent that Paragraph 33 is directed at the City and requires an answer, the City states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

34.     Defendant City of Chicago is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**ANSWER:** The City states that the allegation of this paragraph contains a vague, incomplete and/or inaccurate statement of the nature of the City's liability under Illinois law, and therefore this allegation is denied.

## COUNT V
### Plaintiff ANTHONY SIPP Against All Individual Defendants for Due Process Violations

**ANSWER:** The City is not a party-defendant in Count V and therefore does not answer the allegations in this count. To the extent that the City is considered a party-defendant for Paragraph 35 of Count V, the City's answers to Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.  To the extent that an answer is required for the remaining Paragraphs of Count V, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraphs.

## COUNT VI
### Plaintiff ANTHONY SIPP Against All Defendants for the State Supplemental Claim of Malicious Prosecution

39.     Plaintiff ANTHONY SIPP incorporates and realleges paragraphs 1-18, as though set forth here in their entirety.

**ANSWER:** The City restates its answers to paragraphs 1 though 18.

40.     The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff.  There was no probable cause for the institution of criminal charges against plaintiff.  The criminal proceedings were commenced and continued maliciously.

**ANSWER:** The City is not required to answer as the allegations in Paragraph 40 are directed solely at the individual defendants.  To the extent that Paragraph 40 is directed at the City and requires an answer, the City denies the allegations contained in said Paragraph.

41.	The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony and information under oath.

**ANSWER:	The City is not required to answer as the allegations in Paragraph 41 are directed solely at the individual defendants.  To the extent that Paragraph 41 is directed at the City and requires an answer, the City denies the allegations contained in said Paragraph.**

42.	Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these criminal charges.

**ANSWER:	The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

43.	Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

**ANSWER:	The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

44.	The criminal proceedings were terminated in plaintiff's favor.

**ANSWER:	The City states that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of Illinois law and therefore this allegation is deemed denied.**

45.	The individual defendants, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:	The City is not required to answer as the allegations in Paragraph 45 are directed solely at the individual defendants.  To the extent that Paragraph 45 is directed at the City and requires an answer, the City states that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of Illinois law and therefore this allegation is deemed denied.**

46. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:** The City states that the allegation of this paragraph contains a vague, incomplete and/or inaccurate statement of the nature of the City's liability under Illinois law, and therefore this allegation is denied.

## COUNT VII
### Plaintiffs RICKY GRAHAM, JERMAINE SIPP, and ANTHONY SIPP Against All Defendants for the State Supplemental Claim of Conversion

47. Plaintiffs RICKY GRAHAM, JERMAINE SIPP, and ANTHONY SIPP incorporate and reallege paragraphs 1-18, as though set forth here in their entirety.

**ANSWER:** The City restates its answers to paragraphs 1 though 18.

48. Defendants' assumption of control over plaintiffs' cash was unauthorized and wrongful.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

49. Plaintiffs had the right to control and possess their property.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

50. Plaintiffs' property has not been returned despite a request for its return. By withholding said property, defendants have deprived plaintiffs of their personal property without their consent.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

51. The individual defendants are liable to plaintiffs under Illinois law for the state supplemental claim of conversion.

**ANSWER:** The City is not required to answer as the allegations in Paragraph 51 are directed solely at the individual defendants. To the extent that Paragraph 51 is

**directed at the City and requires an answer, the City states that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of Illinois law and therefore this allegation is deemed denied.**

52.   Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:**   The City states that the allegation of this paragraph contains a vague, incomplete and/or inaccurate statement of the nature of the City's liability under Illinois law, and therefore this allegation is denied.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## FEDERAL RULE 12(b)(6) DEFENSES

1.   The Illinois state law claims brought by all Plaintiffs in Count IV, by Plaintiff Anthony Sipp in Count VI, and by Plaintiffs Ricky Graham, Anthony Sipp and Jermaine Sipp in Count VII against all Defendants are time barred. The one-year statute of limitations specified in the Local Governmental and Governmental Employees Illinois Tort Immunity Act ("Tort Immunity Act") applies because they are state law claims brought against Individual Defendants all of whom are municipal employees.  745 ILCS 10/8-101(a) (West 2006); *Evans v. City of Chicago*, 434 F.3d 916, 934-35 (7th Cir. 2006) (applying the Tort Immunity Act to bar state law claims against municipal employees filed one year after accrual).

2.   The City is not a party-defendant in Counts I, II, III and V and therefore does not assert affirmative defenses towards these counts. To the extent that the City is considered a party-defendant for Counts I, II, III and V, the City incorporates the Rule 12(b)(6) Defenses asserted by the by the Individual Officers.

**AFFIRMATIVE DEFENSES**

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (2006).

5. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

6. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

7. As to Plaintiff's state law claims, the City is not liable to pay attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and

they ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill2d. 154, 166 (1979) (citations omitted).

8.  Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment.  Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

9.  Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

**JURY DEMAND**

The Defendant, City of Chicago, requests a trial by jury.

                                            Respectfully submitted,
                                            MARA S. GEORGES,
                                            Corporation Counsel, City of Chicago

By:    **/s/ *Megan K. McGrath***
         Megan K. McGrath
         Le'Ora Tyree
         Assistant Corporation Counsels

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-8369/1056