IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ricky Graham, Suleaner Sipp, Jermaine Sipp, and Anthony Sipp | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 08 C 889 |
| John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell Jr., Scott M. Wolff, Matthew P. Cline, Daniel J. DeLopez, Eddie M. Yoshimura, Joseph Gorman, Unknown Number of Unnamed Officers of the Chicago Police Department, and City of Chicago, | ) ) ) ) ) ) ) ) ) ) | JUDGE GUZMAN MAGISTRATE JUDGE ASHMAN |
| Defendants. | ) | |

## DEFENDANT OFFICERS' MOTION TO BAR TIMOTHY SIPP FROM TESTIFYING AT TRIAL

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and Local Rule 37.2 of the United States District Court for the Northern District of Illinois, Defendant Police Officers John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell Jr., Scott M. Wolff, Matthew P. Cline, Daniel J. DeLopez, Joseph Gorman, and Eddie M. Yoshimura (collectively "Defendant Officers"), by one of their attorneys, Shneur Nathan, Assistant Corporation Counsel of the City of Chicago, respectfully request this Honorable Court to bar the trial testimony of Timothy Sipp. In support of this motion, Defendant Officers state the following:

**Procedural and Factual Background**

In this action, Plaintiffs Ricky Graham, Suleaner Sipp, Jermaine Sipp, and Anthony Sipp (collectively "Plaintiffs") allege that Defendant Officers illegally searched their apartment unit which was outside the scope of a search warrant that covered the remainder of their building. After this Court compelled Plaintiffs to answer Defendant Cline's written discovery, Plaintiffs therein

identified Timothy Sipp and Tierra Carter as witnesses.[1] Plaintiffs' depositions in this matter have revealed that Timothy Sipp is plaintiffs Ricky Graham and Suleaner Sipp's nephew and Jermaine and Anthony Sipp's first cousin. Tierra Carter is plaintiff Jermaine Sipp's former girlfriend. Discovery in this matter is set to close on September 18, 2008.

## Timothy Sipp Was Inadequately Disclosed

The Federal Rules of Civil Procedure provide for broad disclosure to prevent "trial by ambush" and ensure that disputes are resolved on their merits. *Weiland v. Linear Constr., Ltd.*, 2002 WL 31307622, at 2 (N.D. Ill. 2002). Rule 26(a)(3) Pre-trial disclosures provides, in pertinent part:

> "…a party shall provide to other parties the following information regarding the evidence that it may present at trial other than solely for impeachment:
> (A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises. Fed.R.Civ.P. 26(a)(3).

Plaintiffs should have no objection to the exclusion of Timothy Sipp because they have asserted in their depositions, and through their counsel, that they have no current contact information for him. *See* Plaintiffs' counsel's letter attached hereto as Exhibit A.. Despite their best efforts and diligence, Defendant Officers have been unable to locate and depose Timothy Sipp. Timothy Sipp, Plaintiffs' nephew and cousin, should be barred from testifying at trial because

---

[1] Defendant Cline's Interrogatory Number 5: Identify each and every individual who witnessed, or who you believe witnessed, the police search of the second floor apartment located at 1136 N. Monticello in Chicago, Illinois, on February 9, 2007, and, each and every individual who was present immediately before, at the time of, or immediately after the search of this location. For each individual, state:
a)   his/her first and last name, address, and telephone number, including home, work, pager and cell phone numbers; and
b)   where and in what capacity the identified person was a witness.

ANSWER: No one was allowed in the second floor apartment while it was being searched. Present in the second floor apartment before and after the search were plaintiffs, Anthony Sipp, Timothy Sipp, and Tierra Carter, Jermaine Sipp's friend.

Plaintiffs have not adequately disclosed him as required by Rule 26(a) and as such, his trial testimony would constitute trial by ambush. Therefore, Defendant Officers request the only appropriate remedy for Plaintiffs' deficient disclosure, an order barring Timothy Sipp from testifying at trial. Fed.R.Civ.P 37(c)(1)[2]; *See For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 22682361 at *2 (N.D.Ill. 2003) (excluding evidence when a party failed to supplement its answers).

WHEREFORE, Defendant Officers request this Court enter an order barring Timothy Sipp from providing testimony at trial.

Respectfully submitted,

30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
312-742-1842   *Shneur Nathan*
Atty No. 6294495   SHNEUR NATHAN
Assistant Corp. Counsel

**CERTIFICATE OF SERVICE**

I, Shneur Nathan, hereby certify that on September 10, 2008, I caused a copy of the foregoing Motion to be served upon all counsel of record by filing the same via the Court's ECF filing system.

/s Shneur Nathan
SHNEUR NATHAN

---

[2] Rule 37 provides in pertinent part that "a party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)…, is not, unless such failure is harmless, permitted to use as evidence at a trial…any witness…not so disclosed." Fed.R.Civ.P 37(c)(1).