IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ricky Graham, Suleaner Sipp,<br>Jermaine Sipp, and Anthony Sipp, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | NO. 08 C 889 |
| John P. Dolan, Craig A. Dunderdale, Keith<br>E. Karczewski, Vernon Mitchell Jr.,<br>Scott M. Wolff, Matthew P. Cline, Daniel J.<br>DeLopez, Eddie M. Yoshimura, Joseph F.<br>Gorman, and Unknown<br>Number of Unnamed Officers of the<br>Chicago Police Department, and<br>City of Chicago, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JUDGE GUZMAN<br><br>MAGISTRATE JUDGE ASHMAN |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant police officers John P. Dolan, Craig A. Dunderdale, Keith E. Karczewski, Vernon Mitchell Jr., Scott M. Wolff, Matthew P. Cline, Daniel J. DeLopez, Eddie M. Yoshimura, and police lieutenant Joseph Gorman ("Individual Defendants") and Defendant City of Chicago ("Defendant City") (collectively "Defendants"), by and through their attorneys, move this Honorable Court pursuant to Fed. R. Civ. P. 56(b) for summary judgment in their favor on counts IV, V, and VII alleged in Plaintiffs' Second Amended Complaint ("Complaint"). In support thereof, Defendants state as follows:

**I. STANDARD OF DECISION**

Fed.R.Civ.P. 56(c) provides a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Once a motion for summary judgment has been made and properly supported, the

non-movant has the burden of setting forth specific facts showing the existence of a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cert. denied*, 484 U.S. 1066 (1988). "Merely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989).

While "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party," *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1980), only reasonable inferences, and not all conceivable inferences, will be drawn. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)(summary judgment is appropriate where the evidence supporting the nonmovant "is merely colorable or is not significantly probative"). Even the "existence of a factual dispute will not bar summary judgment unless `the disputed fact is outcome determinative under governing law.'" *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987) (citation omitted)).

## II. ANTHONY SIPP'S FALSE IMPRISONMENT AND CONVERSION CLAIMS – COUNTS IV AND VII – ARE TIME BARRED

The Complaint alleges state-law claims of false imprisonment and conversion by Anthony Sipp, among others, against Individual Defendants as municipal employees acting within the scope of their employment. (56.1 ¶ 11.) As such, these claims are limited by the one-year statute of limitations specified in the Local Governmental and Governmental Employees Illinois Tort Immunity Act ("Tort Immunity Act") because they are state law claims brought against Individual Defendants, all of whom are municipal employees. 745 ILCS 10/8-101(a) (West 2006); *Evans v. City of Chicago*, 434 F.3d 916, 934-35 (7th Cir. 2006) (applying the Tort Immunity Act to bar state law claims against municipal employees filed one year after accrual).[1] Similarly, those same claims against the City are limited by the one-year statute of limitations because they are brought against a

---

[1] Defendants do not move on the malicious prosecution claim, Count VI, because it accrued 160 days after Anthony Sipp's case was stricken with leave to reinstate and he demanded a speedy trial on May 17, 2007. *See Ferguson v. City of Chicago*, 213 Il.2d 94, 104, 820 N.E.2d 455, 461-62 (2004).

2

government entity. *Id.* (applying the Tort Immunity Act to bar state law claims against the City of Chicago filed one year after accrual).

Plaintiffs' state claim of false imprisonment accrued on February 9, 2007, the date they were arrested and/or detained. *Hyon Waste Management Services, Inc. v. City of Chicago*, 214 Ill. App. 3d 757, 763, 574 N.E.2d 129, 132 (1st Dist. 1991); *Montgomery v. City of Harvey*, 2007 WL 4232729 (N.D.Ill., 2007). The conversion claim accrued on the same date. *Perkins v. City of Chicago*, 2005 WL 782695 at *4 (N.D.Ill.) (conversion claim accrues at time of alleged illegal seizure). Therefore, Plaintiffs' state law false imprisonment and conversion claims expired on February 11, 2008.[2]

As noted above, the underlying incident occurred on February 9, 2007. (56.1 ¶ 1.) Therefore, the state law claims of any plaintiffs named in this case on or before February 11, 2008 survive. In contrast, the Second Amended Complaint, the first pleading naming Anthony Sipp as a plaintiff, was filed on July 28, 2008. (56.1 ¶ 10.) Accordingly, Plaintiff Anthony Sipp's state false imprisonment and conversion claims against all Defendants are barred by the applicable one-year statute of limitations announced in the Tort Immunity Act. *See* 745 ILCS 10/8-101(a).

## III. THE FALSE IMPRISONMENT AND CONVERSION CLAIMS ALLEGED BY ALL PLAINTIFFS – COUNTS IV AND VII – ARE TIME BARRED AS THEY RELATE TO DEFENDANT GORMAN

Joseph Gorman was first named as a defendant in the Second Amended complaint on July 28, 2008. The final day for Plaintiffs to file state claims of false imprisonment and conversion based on the February 9, 2007 incident was February 11, 2008. Therefore, for the reasons described above, Counts IV and VII by all Plaintiffs against Defendant Gorman must be dismissed.

## IV. THE DUE PROCESS CLAIM – COUNT V – LACKS SUPPORT IN LAW AND FACT

Count V alleges a vague due process claim by Anthony Sipp against Defendants. Based on the language of the Complaint, it is unclear whether Anthony Sipp intends to allege a *Brady* claim for

---

[2] February 9, 2008 was a Saturday; therefore, based on Rule 6(b), the time period was briefly extended. Fed.R.Civ.P. 6(b).

3

failure to disclose material exculpatory evidence or a hybrid false arrest and malicious prosecution claim. (*See* 56.1 ¶ 10, Ex. 1, ¶36). The analytic difficulties posed by the vague nature of the allegations are exacerbated by the fact that no evidence to support a due process claim was ever identified through discovery. Under any reasonable interpretation of the due process claim however, it fails as a matter of law.

### A. No *Brady* Claim Is Available Because Plaintiff Anthony Sipp Sustained No Prejudice and No Evidence was Withheld

The Supreme Court rejected the notion that there is a Fourteenth Amendment claim to be free from prosecution without probable cause and held that substantive due process is not a source of recovery under 42 U.S.C. §1983 for pretrial liberty interests. *Albright v. Oliver*, 510 U.S. 266, 275 (1994). In the Seventh Circuit however, §1983 provides a remedy for 14th Amendment due process violations when connected to certain fair trial-related rights, in particular *Brady* violations. *See Ienco v. City of Chicago*, 286 F.3d 994, 997-98 (7th Cir. 2002); *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001). In *Brady,* the U.S. Supreme Court held a constitutional due process violation occurs if the prosecution withholds exculpatory evidence at trial. *Brady v. Maryland*, 373 U.S. 83, 86, 83 S.Ct. 1194 (1963). A *Brady* violation has three components: (i) the exculpatory or impeachment evidence at issue must be favorable to the accused; (ii) the evidence must have been suppressed by the state, and (iii) prejudice must have ensued. *Carvajal v. Dominguez*, --- F.3d ---, 2008 WL 4095483 at *3 (7th Cir. 2008).

In *Carvajal*, the Seventh Circuit stated "we are doubtful …that an acquitted defendant can ever establish the requisite prejudice for a *Brady* violation." *Carvajal*, 2008 WL 4095483 at *6. The appellate court's reasoning mirrors Defendants' argument that a true *Brady* violation does not occur "'unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.'" *Id.* at *7 (*citing Strickler v. Greene*, 527 U.S. 263, 290 (1999)). Thus, in *Carvajal* the court went out of its way to instruct lower courts to be mindful

4

that "a true constitutional violation is measured with the outcome in mind." *Id.* at *7. As *Carvajal* makes clear, the absence of a conviction forecloses Anthony Sipp's due process claim based on a *Brady* violation.

Even assuming the absence of a conviction does not foreclose Anthony Sipp's due process claim, throughout the course of discovery, there was no indication that any evidence was withheld. For *Brady* purposes, evidence is suppressed where the prosecution failed to disclose it in time for the defendant to make use of it and where the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. *Carvajal*, 2008 WL 4095483, at *3 (*citing Ienco v. Angarone*, 429 F.3d 680, 683 (7th Cir. 2005); *Harris v. Kuba*, 486 F.3d 1010, 1015-16 (7th Cir. 2007)). However, it is a criminal defendant's responsibility to "probe the witnesses and investigate their versions of relevant events." *Carvajal*, 2008 WL 4095483, at *4. Suppression does not occur where "the defendant could have discovered it himself through 'reasonable diligence.'" *Id.* (citations omitted).

Under the standards utilized in *Carvajal* and *Kuba*, plaintiff Anthony Sipp's allegations that false criminal charges and false police reports were submitted do not amount to the withholding of *Brady* material. Indeed, if the events described in the subject reports differed from the facts as Anthony Sipp knew them, his own version of events was always available to him. *See Kuba*, 486 F.3d at 1015 (events known to criminal defendant cannot be deemed suppressed). Moreover, Anthony Sipp himself testified at his deposition that he knew of no evidence withheld from his criminal defense attorney. (56.1 ¶ 7). Therefore, plaintiff Anthony Sipp cannot sustain a due process claim based on *Brady*.

### B. Any Hybrid Due Process Claim Under the 14th Amendment is Disallowed

Because *Brady* type allegations are inapplicable to this case as described above, for the purposes of this motion, Defendants assume that plaintiff Anthony Sipp contends his due process

rights were violated because Individual Defendants caused him to be prosecuted. However, a § 1983 claim for wrongful or malicious prosecution has soundly been eliminated in this Circuit. *See Newsome*, 256 F.3d at 752 (no Fourteenth Amendment malicious prosecution claim where, as in Illinois, there is an adequate state law remedy). Furthermore, a plaintiff cannot avoid the holding of *Newsome* and state a claim "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid due process claim under the Fourteenth Amendment." *McCann v. Mangialardi*, 773 F.3d 782, 786 (7th Cir. 2003); *see also Johnson v. Garza*, 564 F.Supp.2d 845, 854-55 (N.D.Ill. 2008). Therefore, summary judgment should be granted in favor of Defendants on Count V in its entirety.

## V. CONCLUSION

WHEREFORE, the Court should grant summary judgment in favor of all Defendants with respect to counts IV, V, and VII, as they relate to Anthony Sipp. The Court should further grant summary judgment in favor of Defendant Gorman with respect to counts IV, V, and VII as they relate to all Plaintiffs. Count V should be dismissed in its entirety.

Respectfully submitted,

30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
312-742-1842  *Shneur Nathan*
Atty No. 6294495  SHNEUR NATHAN
Assistant Corp. Counsel

### CERTIFICATE OF SERVICE

I, Shneur Nathan, hereby certify that on October 31, 2008, I caused a copy of the foregoing Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment to be served upon all counsel of record by filing the same via the Court's ECF filing system.

/s Shneur Nathan
SHNEUR NATHAN

6