IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RICKY GRAHAM, SULEANER SIPP, JERMAINE SIPP & ANTHONY SIPP | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) No. 08 C 889 |
| | ) |
| JOHN P. DOLAN, CRAIG A. DUNDERDALE, KEITH E. KARCZEWSKI, VERNON MITCHELL JR., SCOTT M. WOLFF, MATTHEW P. CLINE, DANIEL J. DELOPEZ, EDDIE M. YOSHIMURA, JOSEPH GORMAN, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) Judge Ronald A. Guzman<br>)<br>) Magistrate Judge Martin C.<br>) Ashman<br>)<br>) JURY DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO ALL COUNTS

Chicago Police Officers John P. Dolan ("Dolan"), Craig A. Dunderdale ("Dunderdale"), Keith E. Karczewski ("Karczekwsi"), Vernon Mitchell, Jr. ("Mitchell"), Scott M. Wolff ("Wolff), Matthew P. Cline ("Cline"), Daniel J. De Lopez ("DeLopez"), Eddie M. Yoshimura ("Yoshimura"), Joseph F. Gorman ("Gorman"), and City of Chicago (collectively "Defendants"), by their attorneys, James J. Knibbs and Tracey A. Dillon, respectfully move this court at the conclusion of Plaintiffs' presentation of evidence and testimony, pursuant to Federal Rule of Civil Procedure 50(a) to grant Defendants' Motion for Judgment as a Matter of Law as to All Counts as follows:

## STANDARD

Under Federal Rule of Civil Procedure 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally

sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000) citing Fed.R.Civ.Proc. 50(a). The standard for granting summary judgment "mirrors" the standard for judgment as a matter of law, such that the inquiry under each is the same. Id. Therefore, in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. Id.

## ARGUMENT

I. **Judgment as a Matter of Law Should Be Entered for Defendants Gorman, Cline, Wolff and Mitchell as to Plaintiffs' Illegal Entry and Search of Second Floor Apartment Claim.**

During the course of Plaintiffs' presentation of their case in chief, Plaintiffs' have failed to present any evidentiary basis on which a reasonable jury could find that Defendants Gorman, Cline, Wolff, and Mitchell illegally entered and searched the second floor apartment. A search of the record reveals that these Defendants were never identified by any Plaintiff or witness as being on the second floor on the night of February 9, 2007. A necessary element for a finding on this claim that the Plaintiff must satisfy is that "(1) the defendant being considered entered and searched the second floor apartment at 1136 N. Monticello." See Judge Guzman's Proposed Jury Instruction on Illegal Entry and Search of Second Floor Apartment. While the other Defendants (Dolan, Karczewski, Dunderdale, Yoshimura, and DeLopez) were all identified as having been on the second floor at some point in time during Plaintiffs' testimony (See e.g. Transcript of Trial Proceedings Before the Honorable Ronald A. Guzman and a Jury at p. 1081, lines 5-15 and 20-21; p. p. 1082; lines 1-5 and 14-21; p. 1083; lines 1-5) there is no evidence that the remaining Defendants entered and searched the second floor apartment.

Therefore, judgment as a matter of law as to these Defendants on Plaintiffs' Illegal Entry and Search of Second Floor Apartment claim (Gorman, Cline, Wolff, and Mitchell) should be granted.

### II. Judgment as a Matter of Law Should Be Entered for Defendants Gorman, Cline, Wolff and Mitchell as to Plaintiffs' "Seizure of Other Plaintiffs" Claim.

Plaintiffs' have similarly failed to present any evidentiary basis on which a reasonable jury could find for Plaintiff's that Defendants Gorman, Cline, Wolff, and Mitchell illegally seized Plaintiffs for purposes of Plaintiffs' "Seizure of Other Plaintiffs" Claim. A necessary element to establish this claim is that "[T]he Defendant being considered seized Plaintiff <u>in the second floor apartment...</u>" <u>Judge Guzman's Proposed Jury Instruction on Seizure of Other Plaintiffs</u>.

As stated *infra*, Plaintiffs have failed to establish anywhere in the record, evidence, or testimony that Defendants Gorman, Cline, Wolff and Mitchell ever stepped foot in the second floor apartment at 1136 N. Monticello on the night of February 9, 2007 therefore making it impossible for a juror to find that they seized Plaintiffs there for purposes of this claim. Due to this absence of evidence, no reasonable juror could decide that these aforementioned Defendants seized the Plaintiffs on the second floor for purposes of this claim. Therefore, judgment as a matter of law as to these Defendants on Plaintiffs' Seizure of Other Plaintiffs claim (Gorman, Cline, Wolff, and Mitchell) should be granted.

### III. Judgment as a Matter of Law Should Be Entered for Defendants Gorman, Cline, Wolff, Mitchell, DeLopez, Dunderdale, Karczekwsi and Yoshimura as to Plaintiffs' "Seizure Claim".

In order to succeed on their seizure claim, Plaintiffs' must prove that Defendants lawfully entered the second floor apartment and that "1. The Defendant being considered seized money from the Plaintiff; and 2. The Defendant being considered did not have a warrant to seize the money; and 3. The Defendant was required to obtain a warrant before seizing the money." <u>Judge Guzman's Proposed Jury Instruction on Seizure Claim</u>. This burden requires some personal involvement in the conduct complained of. As to every Defendant other than John Dolan, this evidence simply has not been established in Plaintiffs' presentation of evidence or in the record.

First, as already established *infra*, absolutely no evidence or testimony exists at this time that Defendants Gorman, Cline, Wolff, and Mitchell were ever on the second floor apartment the night of February 9, 2007. Therefore, no reasonable juror could find in Plaintiffs' favor on this claim for these Defendants.

In addition, while other Defendants have been identified in the second floor apartment, only Dolan has been identified as seizing any money from any of the Plaintiffs in the second floor apartment. No personal involvement on the part of the remaining Defendants (DeLopez, Dunderdale, Karczekwsi and Yoshimura) has been established. Therefore, judgment as a matter of law as to all Defendants other than Dolan on Plaintiffs' Seizure Claim (Gorman, Cline, Wolff, Mitchell, DeLopez, Dunderdale, Karczekwsi and Yoshimura ) should be granted.

### IV. Judgment as a Matter of Law Should Be Entered for Defendants Wolff, Mitchell, DeLopez and Yoshimura as to Plaintiffs' False Arrest Claim.

In order to succeed on a claim for false arrest, Plaintiffs' must show that "1. The Defendant being considered arrested Plaintiff Anthony Sipp; and 2. The Defendant being

considered did not have probable cause to arrest Plaintiff Anthony Sipp." Judge Guzman's Proposed Jury Instruction on False Arrest.

Nothing in the record suggests or establishes that Defendants Wolff, Mitchell, DeLopez and Yoshimura had anything to do with the arrest of Anthony Sipp. They did not initiate, effectuate, or assist in the processing of Anthony Sipp on February 9, 2007. Therefore, no reasonable juror could find that these Defendants falsely arrested Anthony Sipp and a judgment as a matter of law as to Defendants Wolff, Mitchell, DeLopez and Yoshimura on Plaintiffs' False Arrest claim should be granted.

V. **Judgment as a Matter of Law Should Be Entered for All Defendants as to Plaintiffs' Failure to Intervene Claim.**

In order to succeed on a claim for false arrest, Plaintiffs' must show that: "(1) one or more of the Defendants violated the Plaintiff's constitutional rights by illegally entering and searching the second floor apartment of 1136 N. Monticello, illegally seizing the Plaintiff or his money and/or falsely arresting the Plaintiff; (2) the Defendant you are considering knew that one or more of the other Defendants violated the Plaintiff's constitutional rights by illegally entering and searching the second floor apartment of 1136 N. Monticello, illegally seizing the Plaintiff or his money and/or falsely arresting the Plaintiff; (3) the Defendant you are considering had a realistic opportunity to do something to prevent that harm from occurring; (4) the Defendant you are considering failed to take reasonable steps to prevent harm from occurring; and (5) the failure to act of the Defendant you are considering caused the Plaintiff to suffer harm." Judge Guzman's Proposed Jury Instruction on Failure to Intervene.

The record established to date through the Plaintiffs' case in chief falls well short of achieving the burden established above. First, some of the Defendants are not alleged

to have entered the second floor apartment, seized any money, or assisted in arrested the Plaintiff. Similarly, if these Defendants were not on the second floor at anytime, it would not be possible for them to intervene even if a constitutional violation was actually occurring. Therefore, they did not have a "realistic opportunity" to do something and likely to did not even have knowledge of any alleged constitutional violation occurring. Judgment as a matter of law as to all Defendants on Plaintiffs' Failure to Intervene claim should be granted.

**VI.  Judgment as a Matter of Law Should Be Entered for Defendants Gorman, Cline, Wolff and Mitchell as to Plaintiffs' False Imprisonment Claim.**

In order to succeed on a claim for false imprisonment, Plaintiffs' must show that: "1. The Defendant being considered caused Plaintiff to be restrained; 2. That the restraint was against Plaintiff's will; and 3. The Defendant to be considered acted intentionally and without having reasonable grounds to restrain Plaintiff." Judge Guzman's Proposed Jury Instruction on False Imprisonment.

Plaintiffs cannot establish that Defendants Gorman, Cline, Wolff and Mitchell entered the second floor apartment at all and therefore could not have possible "falsely imprisoned" Plaintiffs' on the second floor. Nothing in the record establishes that they assisted in the arrests taking place and therefore, judgment as a matter of law as to Defendants Gorman, Cline, Wolff and Mitchell on Plaintiffs' False Imprisonment claim should be granted.

**VII.  Judgment as a Matter of Law Should Be Entered for All Defendants as to Plaintiff Anthony Sipp's Malicious Prosecution Claim.**

In order to succeed on a claim for false arrest, Plaintiff, Anthony Sipp must show that: "1. that Defendants commenced or caused the commencement of or

continued the criminal prosecution against Plaintiff; 2. that each individual Officer Defendants lacked probable cause to commence, cause the commencement of, or continue the criminal prosecution; 3. that each individual Officer Defendants acted maliciously in commencing, causing the commencement, or continuing the criminal proceeding; 4. that the criminal proceeding was terminated in Anthony Sipp's favor, in a manner indicative of his innocence; and 5. that Anthony Sipp was damaged by the proceeding." <u>Judge Guzman's Proposed Jury Instruction on Malicious Prosecution</u>.

This claim fails on multiple levels. First, as to Defendants Gorman, Wolff, Yoshimura and Mitchell there is nothing established in the record that these officers had anything to do with Anthony Sipp's prosecution. Therefore, it is impossible for liability to attach for these Defendants. Similarly, there has been nothing established in the record that Anthony Sipp's criminal proceeding was terminated in his favor in a manner "indicative of innocence." Finally, Anthony Sipp has not established any damages as a result of his prosecution in the underlying criminal matter.

No reasonable juror could find that any single Officer Defendant acted maliciously in commencing, causing the commencement, or continuing the criminal proceeding. In fact, the record indicates no evidence supporting this claim and therefore, it should not be submitted to the jury and judgment as a matter of law as to all Defendants on Plaintiffs' Malicious Prosecution claim should be granted.

### VIII. Judgment as a Matter of Law Should Be Entered for All Defendants as to Plaintiffs' Conversion Claims.

There are essentially three different conversion claims alleged by the Plaintiffs: (1) Jermaine Sipp claims that $540 was stolen from him; (2) Ricky Graham claims that

$475 was stolen from him; and (3) Anthony Sipp claims that $712 was stolen from him. For the reasons stated below, judgment as a matter of law should be granted as to all three claims.

In order to succeed on their conversion claims, Plaintiffs' must show that "1. He has a right to the property he alleges has been converted; and 2. That he has an absolute and unconditional right to the property alleged to have been converted; and 3. That he has made a demand for possession; and 4. That the Defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." Judge Guzman's Proposed Jury Instruction on Conversion.

First, as to Jermaine Sipp's conversion claim, the record does not establish that Defendants Gorman, Cline, Wolff and Mitchell were ever on the second floor – which is where the money was allegedly taken. Also, Plaintiff never established that he made a demand for possession to any of the Defendants, a necessary element to prove conversion.

Second, Ricky Graham's conversion claim similarly does not establish that Defendants Gorman, Cline, Wolff and Mitchell were ever on the second floor where Ricky Graham's money was allegedly taken. Ricky Graham similarly never made a demand for possession to any of the Defendants, a necessary element to prove conversion.

Finally, Anthony Sipp's conversion claim fails for the same reasons. Namely, Defendants Gorman, Cline, Wolff and Mitchell were ever on the second floor – which is where the $1950 was allegedly taken and he also never made a demand for possession to any of the Defendants, a necessary element to prove conversion.

Therefore, judgment as a matter of law as to all Defendants, and especially Defendants Gorman, Cline, Wolff and Mitchell due to their lack of presence on the second floor on February 9, 2007, on Plaintiffs' conversion claims should be granted.

**WHEREFORE**, Defendants respectfully request this Court grant Defendants' Judgment as a Matter of Law accordingly as stated herein and for any other relief the Court finds necessary.

Dated: April 25, 2011                        Respectfully submitted,

                                             **JOHN P. DOLAN, ET AL.**


                                             /s/ James J. Knibbs
                                             One of Defendants' Attorneys

James J. Knibbs (ARDC No. 6187670)
Tracey A. Dillon (ARDC No. 6255851)
Meckler Bulger Tilson Marick & Pearson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone:   (312) 474-7900
Fax:         (312) 474-7898

# CERTIFICATE OF SERVICE

I, James J. Knibbs, hereby certify that I electronically filed the preceding Motion for Judgment As A Matter of Law As To All Counts on April 25, 2011 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Irene K. Dymkar**
**300 W. Adams**
**Suite 330**
**Chicago, Illinois 60606-5107**
**Dymkarlaw@ameritech.net**


**James L. Bowers**
**631 North Central Ave.**
**Chicago, Illinois 60644**
**james.bowers3@comcast.net**